JEDEDIAH WAKEFIELD (CSB No. 178058)
jwakefield@fenwick.com
SEAN S. WIKNER (CSB No. 268319)
swikner@fenwick.com
ANGEL CHIANG (CSB No. 280546)
achiang@fenwick.com
FENWICK & WEST LLP
555 California Street, 12th Floor
San Francisco, CA 94104
Telephone:   415.875.2300
Facsimile:    415.281.1350

DAVID BOIES (*pro hac vice to be submitted*)
dboies@bsfllp.com
BOIES, SCHILLER & FLEXNER LLP
333 Main Street
Armonk, NY 10504
Telephone:   914.749.8200
Facsimile:    914.749.8300

PARKER H. BAGLEY (*pro hac vice to be submitted*)
pbagley@bsfllp.com
BOIES, SCHILLER & FLEXNER LLP
575 Lexington Avenue
7th Floor
New York, NY 10022
Telephone:   212.446.2300
Facsimile:    212.446.2350

Attorneys for Plaintiff
THERANOS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THERANOS, INC., <br><br> Plaintiff, <br><br> v. <br><br> BECTON, DICKINSON AND COMPANY, <br><br> Defendant. | Case No.: _____ <br><br> **COMPLAINT FOR DECLARATORY RELIEF** <br><br> **DEMAND FOR JURY TRIAL** |

Plaintiff Theranos, Inc. alleges as follows:

## NATURE OF THE ACTION

1. This is an action for declaratory judgment, cancellation of federal trademark registrations, and attorneys' fees. By this action, Theranos seeks to eliminate any doubt that its NANOTAINER mark, used in connection with innovative laboratory testing services, does not infringe any trademark rights owned by Becton, Dickinson and Company ("BD") in the generic term MICROTAINER.

2. Specifically, Theranos seeks a declaration that the marks THERANOS NANOTAINER and NANOTAINER do not infringe the purported marks MICROTAINER or BD MICROTAINER (collectively the "MICROTAINER Marks"). Theranos also seeks a declaration that the term MICROTAINER is generic for the type of blood collection containers that BD markets under that term and cannot serve to indicate a unique source for such products, and that BD's trademark registration for MICROTAINER is invalid as a result. For the same reason, BD's registrations for BD MICROTAINER should be amended to disclaim MICROTAINER.

## THE PARTIES

3. Theranos is a Delaware corporation with its principal place of business in Palo Alto, California.

4. Theranos believes and therefore alleges that BD is a New Jersey corporation with its principal place of business in Franklin Lakes, New Jersey. BD is a registered corporation with the California Secretary of State. Theranos believes and therefore alleges that BD has continuous and systematic contacts in California and within this judicial district, including by selling products bearing the purported MICROTAINER mark in this judicial district.

## JURISDICTION AND VENUE

5. Theranos brings this action pursuant to 15 U.S.C. §§ 1051, *et seq.* (the Lanham Act) including § 1121. The Court has subject-matter jurisdiction over this action under 28 U.S.C. § 1331 (federal question), 28 U.S.C. § 1338 (original jurisdiction of trademark claims), and 28 U.S.C. § 2201 (the Declaratory Judgment Act).

6. The Court has personal jurisdiction and venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 because: (i) a substantial portion of the events giving rise to this action occurred in this judicial district; and/or (ii) BD does business in this judicial district.

## INTRADISTRICT ASSIGNMENT

7. Because this is an intellectual property case, this case is subject to assignment to any division pursuant to Civil Local Rule 3-2(c).

## THE PARTIES' USE AND REGISTRATION OF THEIR RESPECTIVE MARKS

8. Theranos provides laboratory services using its proprietary infrastructure. This infrastructure enables Theranos to provide, amongst other services, common blood tests from just a few drops of blood that can be obtained from a fingerstick, rather than larger vials of blood.

9. Theranos offers its blood testing services through Theranos Wellness Centers at its own facility and in Walgreens stores in California and Arizona.

10. When a customer visits a Theranos Wellness Center for blood testing services, a few drops of the customer's blood are collected in at least one NANOTAINER blood collection tube.

11. Theranos uses the NANOTAINER mark in connection with blood collection tubes, including on the Theranos website.

12. On April 24, 2012, Theranos filed an intent to use trademark application (Serial Number 85/606,345) with the United States Patent and Trademark Office (the "USPTO") to register NANOTAINER in international classes 1, 5, 9, 10, 35, 36, 39, 42 and 44 (the "Application").

13. Theranos believes and therefore alleges that BD sells a variety of medical supplies, devices and equipment.

14. BD purports to be the owner of U.S. Trademark Registration Nos. 1,042,544 for MICROTAINER in international class 20 for "container for use in the collection of blood samples for later analysis."

15. BD purports to be the owner of U.S. Trademark Registration No. 2,958,371 for BD MICROTAINER and design in international class 10 for "[m]edical devices, namely tubes

COMPLAINT FOR DECLARATORY RELIEF       3       Case No.:_____

1  and lancets for the acquisition and collection of blood."

2  16. BD purports to be the owner of U.S. Trademark Registration No. 2,912,923 for BD MICROTAINER and design in international class 10 for "[c]ontainers for use in sample collection, namely medical specimen tubes."

## BD'S CLAIMS OF INFRINGEMENT

17. BD has asserted that Theranos's use of NANOTAINER in connection with blood collection services infringes its rights in the MICROTAINER Marks, and has demanded that Theranos refrain from any use of the NANOTAINER mark.

18. On March 5, 2014, BD filed an opposition to the Application with the USPTO's Trademark Trial and Appeals Board. BD's opposition cites its three MICROTAINER registrations and alleges that NANOTAINER is confusingly similar in sound, meaning, appearance, and commercial impression to its MICROTAINER Marks.

19. BD alleges in its opposition that Theranos's NANOTAINER mark is likely to create an association with BD's MICROTAINER Marks.

20. BD alleges in its opposition that Theranos's NANOTAINER mark "is likely to cause confusion or cause mistake or to deceive the purchasing public into mistakenly believing that [Theranos's] goods and services offered under [NANOTAINER] originate from, come from, or are otherwise associated with [BD], or that [Theranos's] goods and services offered in connection with [NANOTAINER] are endorsed, sponsored, or in some way connected with [BD]."

21. On July 8, 2014, BD, through counsel, challenged Theranos's use and planned use of NANOTAINER and claimed that such use would result in purchasers assuming that there is an association between BD and Theranos. BD demanded that Theranos withdraw the Application and cease use of the mark.

22. On September 16, 2014, BD, through counsel, again demanded that Theranos discontinue use of the NANOTAINER mark and claimed that any use of NANOTAINER in connection with blood collection services would create a likelihood of confusion.

COMPLAINT FOR DECLARATORY RELIEF         4         Case No.:_____

# FIRST CAUSE OF ACTION

## (Declaratory Judgment of Non-Infringement)

23. Theranos restates and incorporates by reference each of the allegations set forth in paragraphs 1 through 22 above.

24. BD has claimed that Theranos's use of its NANOTAINER mark is likely to cause confusion with the MICROTAINER Marks. Because of BD's actions and demands described herein, Theranos has a reasonable and strong apprehension that it will soon face a claim for trademark infringement under at least Section 43(a) of the Lanham Act brought by BD. By virtue of BD's actions, there is an actual, existing and substantial controversy between the parties, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

25. Theranos believes and therefore alleges that MICROTAINER has become a generic term and cannot serve to indicate a unique source for blood collection tubes and related products.

26. Theranos is not aware of any actual or potential confusion between the parties' trademarks.

27. The differences between the parties' trademarks and use prevent any likelihood of confusion, including without limitation the dissimilarities as to sight, sound, appearance, meaning and commercial impression of the marks.

28. The parties sell their respective goods and services in different commercial markets and in different channels of trade. Theranos believes and therefore alleges that customers are not likely to encounter the parties' respective products and services in proximity to each other further preventing any likelihood of confusion.

29. The parties' respective customers exercise a high degree of care further preventing any likelihood of confusion.

30. There is no likelihood that any relevant consumers would be confused, mistaken, or deceived into believing that NANOTAINER products and services are affiliated, connected, or otherwise associated with BD, or that BD is sponsoring or has otherwise approved of Theranos's NANOTAINER products and services.

COMPLAINT FOR DECLARATORY RELIEF            5            Case No.:_____

31.     Theranos therefore requests that the Court declare that Theranos's use of NANOTAINER and THERANOS NANOTAINER does not infringe any of BD's trademark rights under 15 U.S.C. § 1114 or the common law, and does not constitute false designation of origin under 15 U.S.C. § 1125(a).

## SECOND CAUSE OF ACTION

**(Declaratory Judgment of Invalidity of the MICROTAINER Mark)**

32.     Theranos restates and incorporates by reference each of the allegations set forth in paragraphs 1 through 31 above.

33.     Theranos believes and therefore alleges that the primary significance of MICROTAINER among the relevant public is as the generic term.

34.     Theranos believes and therefore alleges that purchasers and potential purchasers use the term MICROTAINER to generically refer to small collection tubes.

35.     Because a generic term can never function as a trademark to indicate origin, BD's registration for MICROTAINER (Reg. No. 1,042,544) is invalid and unenforceable for failing to comply with one or more of the requirements of registration for trademark protection as required by the United States Patent and Trademark Office and the Lanham Act.  Similarly, BD's registrations for BD MICROTAINER (Reg. Nos. 2,958,371 and 2,912,923) should be amended to disclaim MICROTAINER.

36.     In accordance with 15 U.S.C. §§ 1064 and 1119, U.S. Trademark Registration Nos. 1,042,544 should be cancelled and U.S. Trademark Registration Nos. 2,958,371 and 2,912,923 should be amended to disclaim MICROTAINER.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Theranos, Inc. prays for judgment as follows:

1.     That the Court issue an order declaring that Theranos's use and registration of its NANOTAINER trademark does not infringe upon any trademark rights of BD under 15 U.S.C. § 1114 or the common law, and does not constitute false designation of origin under 15 U.S.C. § 1125(a).;

2. That the Court issue an order declaring that U.S. Trademark Registration No. 1,042,544 be cancelled in accordance with 15 U.S.C. §§ 1064 and 1119 and that U.S. Trademark Registration Nos. 2,958,371 and 2,912,923 be amended to disclaim MICROTAINER;

3. That the Court award Theranos its costs and attorney fees for this exceptional case under the Lanham Act; and

4. That the Court grant Theranos any other relief the Court considers just and proper.

Dated: November 3, 2014        FENWICK & WEST LLP


By: /s/ Jedediah Wakefield
   Jedediah Wakefield
   Sean S. Wikner
   Angel Chiang
   FENWICK & WEST LLP
   555 California Street, 12th Floor
   San Francisco, CA  94104
   Telephone: 415.875.2300
   Facsimile: 415.281.1350

BOIES, SCHILLER & FLEXNER LLP

   DAVID BOIES (*pro hac vice to be submitted*)
   dboies@bsfllp.com
   BOIES, SCHILLER & FLEXNER LLP
   333 Main Street
   Armonk, NY 10504
   Telephone: 914.749.8200
   Facsimile: 914.749.8300

   PARKER H. BAGLEY (*pro hac vice to be submitted*)
   pbagley@bsfllp.com
   BOIES, SCHILLER & FLEXNER LLP
   575 Lexington Avenue
   7th Floor
   New York, NY 10022
   Telephone: 212.446.2300
   Facsimile: 212.446.2350

   Attorneys for Plaintiff
   THERANOS, INC.

COMPLAINT FOR DECLARATORY RELIEF        7        Case No.:_____

## DEMAND FOR JURY TRIAL

Theranos hereby demands trial by jury on all issues and claims so triable.

Dated: November 3, 2014             FENWICK & WEST LLP

By: /s/ Jedediah Wakefield
Jedediah Wakefield
Sean S. Wikner
Angel Chiang
FENWICK & WEST LLP
555 California Street, 12th Floor
San Francisco, CA  94104
Telephone: 415.875.2300
Facsimile: 415.281.1350

BOIES, SCHILLER & FLEXNER LLP

DAVID BOIES (*pro hac vice to be submitted*)
dboies@bsfllp.com
BOIES, SCHILLER & FLEXNER LLP
333 Main Street
Armonk, NY 10504
Telephone: 914.749.8200
Facsimile: 914.749.8300

PARKER H. BAGLEY (*pro hac vice to be submitted*)
pbagley@bsfllp.com
BOIES, SCHILLER & FLEXNER LLP
575 Lexington Avenue
7th Floor
New York, NY 10022
Telephone: 212.446.2300
Facsimile: 212.446.2350

Attorneys for Plaintiff
THERANOS, INC.