STEVEN R. BLACKBURN (State Bar No. 154797)
MATTHEW A. GOODIN (State Bar No. 169674)
sblackburn@ebglaw.com; mgoodin@ebglaw.com
EPSTEIN BECKER & GREEN, P.C.
655 Montgomery Street
San Francisco, California 94111
Tel:  (415) 398-3500
Fax: (415) 398-0955

JOHN P. MARGIOTTA (*pro hac vice* to be filed)
jmargiotta@fzlz.com
EMILY WEISS (*pro hac vice* to be filed)
eweiss@fzlz.com
FROSS ZELNICK LEHRMAN & ZISSU, P.C.
866 United Nations Plaza
New York, New York 10017
Tel:  (212) 813-5900
Fax: (212) 813-5901

Attorneys for Defendant and Counter-Plaintiff
BECTON, DICKINSON AND COMPANY

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| THERANOS, INC., <br><br> Plaintiff, <br><br> v. <br><br> BECTON, DICKINSON AND COMPANY , <br><br> Defendant. <br><br> BECTON, DICKINSON AND COMPANY, <br><br> Counter-Plaintiff, <br><br> v. <br><br> THERANOS, INC., <br><br> Counter-Defendant. | Case No.: 3:14-cv-04880-MEJ <br><br> *[Assigned to Magistrate Judge Maria-Elena James]* <br><br> **ANSWER TO COMPLAINT AND COUNTERCLAIMS** <br><br> **DEMAND FOR JURY TRIAL** <br><br> Action Filed: November 3, 2014 |

{F1579490.1 }

-2-

Defendant Becton, Dickinson and Company ("BD"), by its attorneys Epstein Becker & Green, P.C. and Fross Zelnick Lehrman & Zissu, P.C., for its answer to the Complaint of Plaintiff Theranos, Inc. ("Theranos"), alleges as follows:

## RESPONSE TO NATURE OF THE ACTION

1. Admits that Theranos purports to seek the claims for relief summarized in paragraph 1 of the Complaint, but denies that Theranos is entitled to the relief sought.

2. Admits that Theranos purports to seek the claims for relief summarized in paragraph 2 of the Complaint, but denies that Theranos is entitled to the relief sought in the Complaint.

## RESPONSE TO THE PARTIES

3. Without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 3 of the Complaint, and therefore denies the same.

4. Admits that BD is a New Jersey corporation registered with the California Secretary of State and that BD's principal place of business is in Franklin Lakes, New Jersey, but otherwise denies the allegations in paragraph 4 of the Complaint.

## RESPONSE TO JURISDICTION AND VENUE

5. Paragraph 5 of the Complaint sets forth conclusions of law to which no response is required. To the extent a response is deemed to be required, BD admits that the Court has subject-matter jurisdiction over this action, but otherwise denies the allegations in paragraph 5 of the Complaint.

6. Paragraph 6 of the Complaint sets forth conclusions of law to which no response is required. To the extent a response is deemed to be required, BD denies the allegations in paragraph 6 of the Complaint, but does not contest the Court's exercise of personal jurisdiction over BD.

## RESPONSE TO INTRADISTRICT ASSIGNMENT

7. Paragraph 7 of the Complaint sets forth conclusions of law to which no response is required. To the extent a response is deemed to be required, the allegations are denied.

## RESPONSE TO THE PARTIES' USE AND
## REGISTRATION OF THEIR RESPECTIVE MARKS

8. Without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8 of the Complaint, and therefore denies the same.

9. Without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9 of the Complaint, and therefore denies the same.

10. Without knowledge or information to form a belief as to the truth of the allegations in paragraph 10 of the Complaint, and therefore denies the same.

11. Without knowledge or information to form a belief as to the truth of the allegations in paragraph 11 of the Complaint, and therefore denies the same.

12. Without knowledge or information to form a belief as to the truth of the allegations in paragraph 12 of the Complaint, and therefore denies the same, except admits that Theranos is the listed owner of record of Application Serial No. 85/606,345 filed with the U.S. Patent & Trademark Office for the mark NANOTAINER.

13. Admits that BD sells a variety of medical supplies, devices and equipment, but denies that paragraph 13 of the Complaint characterizes BD's entire business.

14. Admits that BD is the owner of U.S. Registration No. 1,042,544, and avers that the records of the U.S. Patent and Trademark Office regarding such registration speak for themselves.

15. Admits that BD is the owner of U.S. Registration No. 2,958,371, and avers that the records of the U.S. Patent and Trademark Office regarding such registration speak for themselves.

16. Admits that BD is the owner of U.S. Registration No. 2,912,923, and avers that the records of the U.S. Patent and Trademark Office regarding such registration speak for themselves.

## RESPONSE TO BD'S CLAIMS OF INFRINGEMENT

17. Denies the allegations in paragraph 17 of the Complaint, except admits that BD herewith asserts a counterclaim for trademark infringement based on Theranos's use of its NANOTAINER mark and seeks relief from the Court that would enjoin Theranos from using its NANOTAINER mark.

18. Admits that on March 5, 2014, BD filed a notice of opposition in the Trademark Trial and Appeal Board against Theranos's application to register the NANOTAINER mark (App. Ser. No. 85/606,345), which asserts a claim for relief under Section 2(d) of the Lanham Act, 15 U.S.C. § 1052(d). BD avers that the notice of opposition speaks for itself, and otherwise denies the allegations in paragraph 18 of the Complaint.

19. Avers that the notice of opposition speaks for itself, and otherwise denies the allegations in paragraph 19 of the Complaint.

20. Avers that the notice of opposition speaks for itself, and otherwise denies the allegations in paragraph 20 of the Complaint.

21. Admits that on July 8, 2014, counsel for BD emailed Theranos's counsel with a request that Theranos withdraw its application to register the NANOTAINER mark and cease use of the NANOTAINER mark, but otherwise denies the allegations in paragraph 21 of the Complaint.

22. Admits that on September 16, 2014, counsel for BD emailed Theranos's counsel regarding the status of the opposition proceeding, and that in the September 16 email, BD repeated its demand that Theranos withdraw its application to register the NANOTAINER mark and cease use of the NANOTAINER mark, but otherwise denies the allegations in paragraph 22 of the Complaint.

**RESPONSE TO FIRST CAUSE OF ACTION**

**(Declaratory Judgment of Non-Infringement)**

23. Repeats and re-alleges the above responses to paragraphs 1 through 22 of the Complaint.

24. Admits that there is an actual case or controversy between the parties, but otherwise denies the allegations in paragraph 24 of the Complaint.

25. Denies the allegations in paragraph 25 of the Complaint.

26. Without knowledge or information to form a belief as to the truth of the allegations in paragraph 26 of the Complaint, and therefore denies the same.

27. Denies the allegations in paragraph 27 of the Complaint.

28. Denies the allegations in paragraph 28 of the Complaint.

29. Denies the allegations in paragraph 29 of the Complaint.

30. Denies the allegations in paragraph 30 of the Complaint.

31. Denies the allegations in paragraph 31 of the Complaint.

**RESPONSE TO SECOND CAUSE OF ACTION**

**(Declaratory Judgment of Invalidity of the MICROTAINER Mark)**

32. Repeats and re-alleges the above responses to paragraphs 1 through 31 of the Complaint.

33. Denies the allegations in paragraph 33 of the Complaint.

34. Denies the allegations in paragraph 34 of the Complaint.

35. Paragraph 35 of the Complaint sets forth conclusions of law to which no response is required. To the extent a response is deemed to be required, BD denies the allegations in paragraph 35 of the Complaint.

36. Denies the allegations in paragraph 36 of the Complaint.

WHEREFORE, BD requests that the Court deny and dismiss Theranos's Complaint and enter judgment in favor of BD and against Theranos as to the Complaint and further that the Court award BD such other and further relief as the Court deems just and proper.

## COUNTERCLAIM

Counterclaim-Plaintiff BD, Dickinson and Company (or "BD"), in support of its counterclaims against Counterclaim-Defendant Theranos, Inc. ("Theranos"), alleges as follows:

### NATURE OF THE ACTION

1. BD is a Fortune 500 medical technology company that develops, manufactures, and sells various products for use in the medical field. Since at least as early as 1970, BD has manufactured and distributed devices and containers used to collect and store blood samples under its MICROTAINER mark.

2. In violation of BD's rights, Theranos has begun to manufacture and promote containers for the storage of blood under the mark NANOTAINER, a confusingly similar mark to BD's MICROTAINER mark.

3. In order to protect its rights in its MICROTAINER mark, BD brings this action for trademark infringement in violation of Section 32 of the Trademark Act of 1946 (the "Lanham Act"), 15 U.S.C. § 1114; false designation of origin and unfair competition in violation of Section 43(a)(1)(A) of the Lanham Act, 15 U.S.C. § 1125 (a)(1)(A); and unfair competition in violation of California State Law, Cal. Bus. & Prof. Code §§ 17200 *et seq*. BD seeks permanent injunctive relief and damages.

### JURISDICTION AND VENUE

4. The Court has jurisdiction over the subject matter of this action under Section 39(a) of the Lanham Act, 15 U.S.C. § 1121, and Sections 1331, 1338(a), and 1338(b) of the Judicial Code, 28 U.S.C. § 1331, 1338 (a) and (b), and under principles of supplemental jurisdiction, 28 U.S.C. § 1367(a).

5. Upon information and belief, this Court has personal jurisdiction over Theranos because Theranos's principal place of business is in this district and the exercise of jurisdiction over it is not inconsistent with the Constitution of California or the United States. Cal. Code Civ. Proc. § 410.10.

6. Upon information and belief, venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(1) and (2) because the sole counterclaim defendant resides in this district and a substantial part of the events giving rise to the claims occurred in this district.

**PARTIES**

7. Counterclaim-Plaintiff BD is a corporation organized and existing under the laws of the state of New Jersey, having its principal place of business at 1 Becton Drive, Franklin Lakes, New Jersey 07417.

8. Upon information and belief, Counterclaim-Defendant Theranos is a corporation organized and existing under the laws of the state of Delaware, having its principal place of business at 1601 South California Avenue, Palo Alto, California 94304.

**FACTS COMMON TO ALL CLAIMS**

**A. BD**

9. BD is a Fortune 500 medical technology company that develops, manufactures, and sells various medical supplies and devices, laboratory instruments, antibodies, reagents, and diagnostic products.

10. Among the products that BD manufactures and sells are devices and containers used to collect and store medical samples, such as blood and urine.

11. BD's family of products for the collection and storage of blood are promoted, offered for sale, and sold under the MICROTAINER mark.

12. BD has continuously used the MICROTAINER mark to identify products related to the collection and storage of blood since at least as early as 1970.

13. BD's family of MICROTAINER products consists of lancets for the collection of blood from the heel; contact-activated lancets, which typically are used for the collection of blood from the fingertip; and various containers for the storage of blood after it is collected, including BD's one-piece microtube for automated process. The microtube has an integrated collector, which facilitates collection of the blood from the puncture site into the container. In addition, the microtube is compatible with most laboratory instruments. Thus, the microtube itself can be

placed in the testing instrument, and the blood can be tested without any manual processing, which makes for more reliable processing and results.

14. BD sells its MICROTAINER products directly to doctors' offices, hospitals, and pathology laboratories, and such products are used by doctors, nurses, phlebotomists, and other healthcare providers.

15. BD has achieved great commercial success under the MICROTAINER mark over the last four decades.

16. BD has invested a significant amount of time, effort, and money in advertising and promoting products sold under the MICROTAINER mark, including spending substantial sums in advertising and promoting such products in various media, such as in print, on the internet, and at trade shows. BD also advertises and promotes its MICROTAINER products directly to doctors, nurses, phlebotomists, and other healthcare providers.

17. In addition to BD's extensive and strong common law rights in the MICROTAINER trademark that have resulted from this use, BD owns the following U.S. trademark registrations for the MICROTAINER mark and MICROTAINER-inclusive marks: U.S. Registration No. 1,042,544 for the mark MICROTAINER for use in connection with a "container for use in the collection of blood samples for later analysis" in International Class 20, which issued on June 29, 1976, and is based on first use in commerce of May 11, 1970; U.S. Registration No. 2,912,923 for the mark BD MICROTAINER and Design for use in connection with "containers for use in sample collection, namely medical specimen tubes" in International Class 10, which issued on December 21, 2004, and is based on a first use in commerce of January 1, 2000; and U.S. Registration No. 2,958,371 for the mark BD MICROTAINER and Design for use in connection with "medical devices, namely tubes and lancets for the acquisition and collection of blood" in International Class 10, which issued on May 31, 2005, and is based on a first use in commerce of January 1, 2000.

18. These registrations are all valid, subsisting, and in full force and effect. Moreover, the above registrations have become incontestable under Section 15 of the Lanham Act, 15 U.S.C.

§ 1065, and serve as conclusive evidence of the validity of the registered marks, of the registration of the marks, and of BD's exclusive right to use the marks in commerce on or in connection with the products for which the marks are registered, as provided by Section 33(b) of the Lanham Act, 15 U.S.C. § 1115(b).

19. As a result of BD's extensive advertising and promotional efforts and commercial success, as well as the amount, volume, and geographic extent of sales made under the MICROTAINER mark, the MICROTAINER mark has become associated exclusively with BD and represents enormous goodwill.

**B. Theranos's Wrongful Conduct**

20. On information and belief, Theranos is in the business of manufacturing products for use in the collection, storage, and testing of blood samples. Theranos also operates "wellness centers," where blood samples are collected from patients, which are then sent to a laboratory operated by Theranos. On information and belief, the Theranos laboratory also accepts blood samples for testing from doctors who collect the blood samples in their own offices.

21. Like BD, Theranos manufactures a container for the storage of blood samples. Theranos promotes its blood storage container under the mark NANOTAINER.

22. On information and belief, one of the primary ways in which Theranos markets its blood collection and blood testing services is directly to doctors and other healthcare providers. Specifically, on information and belief, Theranos's sales representatives conduct visits to doctors' offices, during which they provide doctors with information on Theranos's services and coupon vouchers for discounts on such services.

23. On information and belief, Theranos's sales representatives use the NANOTAINER mark in connection with their promotion of Theranos's blood collection and blood testing services to doctors and other healthcare providers, the same consumers who already are very familiar with BD's MICROTAINER mark through BD's years of sales and marketing to them.

24. Theranos also promotes its services to doctors on its website, which instructs doctors and other healthcare providers that they can send patients to one of Theranos's "wellness centers" to have blood samples drawn, or that they can collect their patients' blood samples themselves and send such samples to Theranos's laboratory for testing. *See* http://www.theranos.com/easy-integration. Theranos advises the latter group—doctors and other healthcare providers who collect blood samples themselves and then send them to Theranos for testing—that "[s]mall specimens in your smallest collection containers are all we need." *See* http://www.theranos.com/easy-integration. Thus, there exists the likelihood that such doctors and other healthcare providers will send blood to Theranos's laboratory in MICROTAINER blood storage containers, further associating Theranos with BD's well-known MICROTAINER mark.

25. This is not the only instance in which the parties' respective products are used side-by-side. On information and belief, BD's MICROTAINER lancet is used at Theranos's "wellness centers" to collect blood samples. Such blood samples are then stored in Theranos's NANOTAINER blood storage container.

26. The NANOTAINER mark is confusingly similar to BD's MICROTAINER mark in sight, sound, and commercial meaning. Both marks pair synonymous words meant to connote a small size with the suffix TAINER. As a result, the commercial impression left by both marks would be essentially identical, as is the suffix of each mark.

27. Theranos's use of its confusingly similar NANOTAINER mark when promoting its blood testing services to doctors and other healthcare providers is likely to confuse such doctors and other healthcare providers into mistakenly believing that Theranos's services are provided, authorized, endorsed, or sponsored by BD.

28. Theranos's use of its confusingly similar NANOTAINER mark commenced long after BD developed strong rights in its well-known MICROTAINER mark and long after BD's MICROTAINER mark was first registered in the USPTO, and is without authorization or license from BD.

{F1579490.1}
-10-
CASE NO. 3:14-CV-04880-MEJ                                    ANSWER TO COMPLAINT AND COUNTERCLAIMS

29.     Upon information and belief, Theranos, a newly established company in the field of blood collection, adopted and is using the NANOTAINER mark with full knowledge of BD's prior rights in its MICROTAINER mark, and with the intent to trade off of the significant goodwill that BD has established in its MICROTAINER mark with doctors and other healthcare professional.  Such trading on BD's goodwill is especially troublesome in light of Theranos's lack of approval from the Federal Drug Administration for its products.

30.     On April 24, 2012, Theranos filed Application Serial No. 85/606,345 with the United States Patent and Trademark Office ("USPTO") to register the mark NANOTAINER in an intent-to-use basis under Section 1(b) of the Lanham Act, 15 U.S.C. § 1051(b), for use in connection with a wide variety of products and services, including but not limited to products and services related to blood collection and testing (the "Application").  BD timely opposed the Application and that proceeding remains pending before the Trademark Trial and Appeal Board of the USPTO.

**FIRST CLAIM FOR RELIEF**

**Trademark Infringement Under Section 32 of the Lanham Act**

31.     BD repeats and realleges each and every allegation contained in paragraphs 1 through 30 above as if fully set forth herein.

32.     Over many years of extensive use in connection with blood collection and storage and related goods and services, BD's federally registered MICROTAINER mark has become well-known in the industry nationwide.  BD has established a strong reputation and substantial goodwill by reason of the success and reputation of goods sold under the MICROTAINER mark, immediately indicating to doctors and other healthcare providers that products and services featuring such marks come from, or are sponsored or approved by, BD.

33.     Theranos's actions described above have caused and are likely to cause confusion and mistake and to deceive doctors and other healthcare providers as to the source, origin, and/or sponsorship of the NANOTAINER mark and Theranos's related goods and services, and are likely to deceive doctors and other healthcare providers into believing that such goods and services are

provided, authorized, endorsed, or sponsored by BD, thereby damaging BD's reputation, goodwill, and sales.

34. Theranos's unauthorized use of the NANOTAINER mark and name constitutes trademark infringement in violation of § 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

35. Theranos's conduct is causing immediate and irreparable injury to BD and will continue both to damage BD and deceive doctors and other healthcare providers until enjoined by this Court.

36. BD has no adequate remedy at law.

## SECOND CLAIM FOR RELIEF

## Unfair Competition and False Designation of Origin

## Under Section 43(A) of the Lanham Act

37. BD repeats and realleges each and every allegation contained in paragraphs 1 through 36 above as if fully set forth herein.

38. Theranos's use of the NANOTAINER mark, as alleged above, is likely to confuse, mislead, or deceive doctors and other healthcare providers as to the origin, source, sponsorship, or affiliation of Theranos's NANOTAINER mark and its related goods and services, and is likely to cause such doctors and other healthcare providers to believe, contrary to fact, that such goods and services are made, provided, authorized, endorsed, or sponsored by BD, or that Theranos is in some way affiliated with or sponsored by BD.

39. Theranos's actions in the manner alleged above constitute a false designation of origin, false and misleading descriptions of fact, and false and misleading representations of fact, which are likely to cause confusion, mistake, and deception, in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

40. Upon information and belief, Theranos's infringement of the NANOTAINER mark is willful, intended to reap the benefit of the goodwill of BD, and violates Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

41. Theranos's conduct is causing immediate and irreparable injury to BD and will continue both to damage BD and deceive doctors and other healthcare providers until enjoined by this Court.

42. BD has no adequate remedy at law.

### THIRD CLAIM FOR RELIEF

### Unfair Competition Under California Law

### (Cal. Bus. & Prof. Code §§ 17200 et seq.)

43. BD repeats and realleges each and every allegation contained in paragraphs 1 through 42 above as if fully set forth herein.

44. The aforesaid conduct of Theranos—trademark infringement and false designation of origin—constitutes unfair competition in violation of Cal. Bus. & Prof. Code §§ 17200 *et seq*.

45. Theranos's conduct is causing immediate and irreparable injury to BD and will continue both to damage BD and deceive doctors and other healthcare providers until enjoined by this Court.

46. BD have no adequate remedy at law.

**WHEREFORE**, BD demands judgment as follows:

1. Entering judgment for BD on each of its claims.

2. Directing that Theranos and, where applicable, its officers, directors, agents, representatives, successors or assigns, and all persons acting in concert or in participation with any of them, be immediately and permanently enjoined from:

   (a) infringing the MICROTAINER mark;

   (b) falsely designating the origin, sponsorship, or affiliation of their business, goods, or services;

   (c) using the NANOTAINER mark, or any derivation or colorable imitation of the MICROTAINER mark, or any name or mark that is confusingly similar to the MICROTAINER mark (collectively, the "Prohibited Marks"), on or in connection with Theranos's goods or services;

    (d)  seeking to register any Prohibited Marks;

    (e)  making or employing any other commercial use of any of the Prohibited Marks;

    (f)  making or displaying any statement or representation that is likely to lead the public or the trade to believe that Theranos's goods and services are in any manner associated or affiliated with or made, approved, endorsed, licensed, sponsored, authorized, or franchised by or are otherwise connected with BD;

    (g)  using any other false designation of origin calculated or likely to cause confusion or mistake in the mind of the trade or public or to deceive the trade or public into believing that Theranos's products or activities are in any way made, sponsored, licensed, endorsed, or authorized by, or affiliated or connected with BD, or originate from BD;

    (h)  doing any other acts or things calculated or likely to cause confusion or mistake in the mind of the trade or public or to lead purchasers or consumers or investors into the belief that the products or services promoted, offered, or sponsored by Theranos emanate from or originate with BD or its licensees, or are somehow sponsored, licensed, endorsed, or authorized by, or affiliated or connected with BD, or originate from BD;

    (i)  engaging in any other activity constituting unfair competition with BD;

    (j)  further infringing the MICROTAINER mark and damaging BD's goodwill;

    (k)  aiding, assisting, or abetting any other party in doing any act prohibited by sub-paragraphs (a) through (j) above.

  3.  Directing that Theranos deliver up to BD's attorneys for destruction all products, labels, signs, stationery, prints, packages, promotional and marketing materials, advertisements, and other materials (a) currently in its possession or under its control or (b) recalled by Theranos pursuant to any order of the Court or otherwise, incorporating, featuring, or bearing the Prohibited Marks or any other simulation, reproduction, copy, or colorable imitation thereof.

  4.  Directing that Theranos file with the Court and serve upon BD's counsel within thirty (30) days after entry of judgment a report in writing under oath, setting forth in detail the

manner and form in which they have complied with the above.

5. Awarding BD such damages it has sustained or will sustain by reason of Theranos's acts of trademark infringement and unfair competition and that such sums be trebled pursuant to 15 U.S.C. § 1117.

6. Awarding BD all damages, including Theranos's profits, that are recoverable under Cal. Bus. & Prof. Code §§ 17200 *et seq*.

7. Awarding BD all other recoverable gains, profits, property, and advantages derived by Theranos from its unlawful conduct.

8. Awarding to BD exemplary and punitive damages to deter any further willful infringement as the Court finds appropriate.

9. Awarding to BD its costs and disbursements incurred in this action, including reasonable attorneys' fees pursuant to 15 U.S.C. §1117(a).

10. Awarding BD interest, including pre-judgment interest on the foregoing sums.

11. Awarding to BD such other and further relief as the Court may deem just and proper.

Dated:  December 1, 2014

By:    s/ Matthew Goodin
Matthew A. Goodin (mgoodin@ebglaw.com)
EPSTEIN BECKER & GREEN, P.C.
655 Montgomery Street
San Francisco, California 94111
Tel:    (415) 398-3500
Fax:    (415) 398-0955

John P. Margiotta (jmargiotta@fzlz.com)
Emily Weiss (eweiss@fzlz.com)
FROSS ZELNICK LEHRMAN & ZISSU, P.C.
866 United Nations Plaza
New York, New York 10017
Tel:  (212) 813-5900
Fax:  (212) 813-5901

*Attorneys for Defendant and Counter-Plaintiff Becton, Dickinson and Company*

{F1579490.1 }

-15-

CASE NO. 3:14-CV-04880-MEJ            ANSWER TO COMPLAINT AND COUNTERCLAIMS