JEDEDIAH WAKEFIELD (CSB No. 178058)
jwakefield@fenwick.com
SEAN S. WIKNER (CSB No. 268319)
swikner@fenwick.com
ANGEL CHIANG (CSB No. 280546)
achiang@fenwick.com
FENWICK & WEST LLP
555 California Street, 12th Floor
San Francisco, CA  94104
Telephone:     415.875.2300
Facsimile:      415.281.1350

DAVID BOIES (*admitted pro hac vice*)
dboies@bsfllp.com
BOIES, SCHILLER & FLEXNER LLP
333 Main Street
Armonk, NY 10504
Telephone:     914.749.8200
Facsimile:      914.749.8300

PARKER H. BAGLEY (*admitted pro hac vice*)
pbagley@bsfllp.com
BOIES, SCHILLER & FLEXNER LLP
575 Lexington Avenue
7th Floor
New York, NY 10022
Telephone:     212.446.2300
Facsimile:      212.446.2350

Attorneys for Plaintiff and Counter-Defendant
THERANOS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| THERANOS, INC., <br><br> Plaintiff, <br><br> v. <br><br> BECTON DICKINSON AND COMPANY, <br><br> Defendant. <br><br> AND RELATED COUNTERCLAIMS. | Case No.: 3:14-cv-04880-WHA <br><br> **JOINT CASE MANAGEMENT STATEMENT AND RULE 26(F) REPORT** |

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

Plaintiff and Counter-Defendant Theranos, Inc. and Defendant and Counter-Claimant Becton Dickinson and Company ("BD") submit this Joint Case Management Statement and Proposed Order, and Rule 26(f) report, and request the Court to adopt those portions on which the parties agree as its Case Management Order in this case. To the extent the parties have not reached agreement, they identify those portions below.

## I. JURISDICTION AND SERVICE

The Court has subject matter jurisdiction over this matter under 28 U.S.C. §§ 1331 and 1338 (federal question), as well as 28 U.S.C. § 1367 (supplemental jurisdiction). No issues exist regarding personal jurisdiction or venue. All parties have been properly served.

## II. FACTS

Theranos offers laboratory services using a proprietary infrastructure that enables Theranos to provide, among other services, common blood tests from just a few drops of blood. Theranos collects blood for these tests in a NANOTAINER blood collection tube. Theranos offers its blood testing services through Theranos Wellness Centers at its own facility and in Walgreens stores in California and Arizona.

BD is a Fortune 500 medical technology company that develops, manufactures, and sells various products for use in the medical field. Since at least as early as 1970, BD has manufactured and distributed devices and containers used to collect and store blood samples under the mark MICROTAINER. BD owns several U.S. trademark registrations for the MICROTAINER mark and MICROTAINER-inclusive marks, which have become incontestable under Section 15 of the Lanham Act, 15 U.S.C. § 1065.

On April 24, 2012, Theranos filed a trademark application (Serial Number 85/606,345) with the United States Patent and Trademark Office ("USPTO") to register the NANOTAINER mark (the "Application"). BD opposed the Application, asserting that NANOTAINER is confusingly similar to its MICROTAINER and BD MICROTAINER marks (together, the "MICROTAINER marks").[1]

---

[1] The Trademark Trial and Appeal Board ("TTAB") suspended those proceedings pending resolution of this lawsuit.

After BD challenged Theranos's use and planned use of NANOTAINER and demanded that Theranos cease all use of NANOTAINER, Theranos filed this action seeking declaratory judgment on November 3, 2014. Specifically, Theranos seeks a declaration that (1) the NANOTAINER mark does not infringe on the MICROTAINER marks; and (2) the MICROTAINER has become generic, and, accordingly, BD's registration for MICROTAINER (Reg. No. 1,042,544) should be cancelled and BD's registrations for BD MICROTAINER (Reg. Nos. 2,958,371 and 2,912,923) should be amended to disclaim MICROTAINER. BD denied Theranos's claims and counterclaimed, alleging (1) that Theranos use of NANOTAINER infringes its MICROTAINER marks in violation of the Lanham Act; (2) unfair competition under the Lanham Act; and (3) unfair competition under California law. Theranos denies these allegations.

Factual issues in this case may include:

- The extent to which the consuming public recognizes the MICROTAINER marks as an indicator of BD's goods and services;
- The extent to which the parties use the NANOTAINER and MICROTAINER marks on the same, related, or complementary goods and services;
- The similarity or dissimilarity of the NANOTAINER mark and the MICROTAINER marks as to appearance, sound, and commercial meaning;
- Whether the THERANOS mark has caused actual confusion, mistake, or deception with respect to the MICROTAINER marks;
- The trade channels of the parties' respective products and services;
- The parties' respective marketing channels;
- The degree of care exercised by the parties' respective customers;
- The likelihood of expansion of product lines;
- The likelihood of any confusion, mistake, or deception between the THERANOS mark and MICROTAINER marks among likely purchasers of the parties' respective products;
- Injury, if any, to BD caused by Theranos's use of the NANOTAINER mark;

- The extent to which the word "Microtainer" is used by the consuming public to refer generally to small tubes used for collecting medical specimens, and not specifically to BD's goods and services;

## III. LEGAL ISSUES

The parties have identified the following disputed legal issues:

- Whether BD's MICROTAINER marks are valid and enforceable;
- Whether the MICROTAINER mark generically refers to small collection tubes among the relevant public such that BD's registration for MICROTAINER should be canceled and its registrations for BD MICROTAINER be amended to disclaim MICROTAINER under 15 U.S.C. §§ 1064 and 1119;
- Whether Theranos's NANOTAINER mark infringes on any of BD's trademark rights in the MICROTAINER marks under 15 U.S.C. § 1114;
- Whether Theranos's use of the NANOTAINER mark constitutes false designation of origin under 15 U.S.C. § 1125(a) and is likely to cause doctors and other healthcare providers to believe that Theranos's goods and services are made, provided, authorized, endorsed, or sponsored by BD, or that Theranos is affiliated with or sponsored by BD;
- Whether Theranos's use of the NANOTAINER mark constitutes unfair competition in violation of Cal. Bus. & Prof. Code. §§ 17200 *et seq*.

## IV. MOTIONS

There are no motions currently pending before the Court. The parties anticipate that they may move for summary judgment, if warranted by the facts and evidence.

## V. AMENDMENT OF PLEADINGS

The parties do not anticipate amending their pleadings unless warranted by newly discovered information.

## VI. EVIDENCE PRESERVATION

The parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information. The parties have met and conferred regarding reasonable and proportionate

steps taken to preserve relevant evidence, and have taken affirmative steps to preserve evidence related to the issues in this case.

### VII. RULE 26(a) DISCLOSURES

The parties agree to exchange Rule 26(a)(1) initial disclosures on March 11, 2015.

### VIII. DISCOVERY

#### A. Discovery To Date and Anticipated Discovery

The parties have not yet served any discovery. The parties anticipate serving interrogatories, requests for production of documents and things, requests for admissions, and deposing fact witnesses. The parties also anticipate engaging in expert discovery, with disclosures and depositions of expert witnesses under Rule 26.

In addition to written discovery, the parties anticipate that each side will take up to ten fact depositions plus depositions of expert witnesses. The parties anticipate fact and possible expert discovery on the issues including but not limited to the nature of the parties' goods and services offered in connection with the marks in dispute; the extent of BD's trademark rights in the MICROTAINER mark; the likelihood of confusion between the NANOTAINER mark and MICROTAINER marks; the likelihood of irreparable harm suffered by BD; and the genericness of the MICROTAINER mark.

#### B. Changes to Discovery Rules

At this time, the parties do not propose any changes to the limitations on discovery provided by the Federal Rules of Civil Procedure or the Local Rules.

#### C. Protective Order

The parties anticipate requesting the entry of a stipulated protective order to govern the exchange of confidential information in this action.

#### D. Electronic Discovery

The parties agree to produce all files in tagged image file format ("TIFF") or, when producing in color, .JPG format. Excel files and other file formats not readily convertible to TIFF or JPG format will be produced in native format with metadata intact, with a link to the file location in the load file. All electronically stored information—whether in TIFF, JPG or native

format—shall be produced with optical character recognition ("OCR") searchable format, and with Concordance-ready load files that include standard metadata fields, including custodian, start bates, end bates, parent start bates, last attachment end bates, page count, author, from, recipient, CC field, BCC field, document extension, received date, sent date, date last modified, subject, title, MD5 hash value, link to multipage text file, and link to native file.

### E. Proposed Discovery Plan

The parties propose the discovery schedule set out below in Section XVII.

### F. Identified Discovery Disputes

There are currently no discovery disputes.

## IX. CLASS ACTIONS

Not applicable.

## X. RELATED CASES

BD's opposition to Theranos's application to register NANOTAINER is pending before the TTAB (Opp. No. 91215272). The TTAB suspended these proceedings pending resolution of this lawsuit.

## XI. RELIEF

Theranos seeks a declaration of non-infringement of any of BD's trademark rights, as well as a declaration that BD's MICROTAINER mark is generic. Because generic marks are not registerable, Theranos asks that BD's trademark registration for the MICROTAINER mark be cancelled, and that BD's registration for the BD MICROTAINER mark be amended to disclaim MICROTAINER.

BD seeks permanent injunctive relief, destruction of infringing material, damages and treble damages, profits and other recoverable gains, exemplary and punitive damages, costs, reasonable attorneys' fees, interest and pre-judgment interest, and such other and further relief as the Court may deem just and proper.

## XII. SETTLEMENT AND ADR

The parties have agreed to private mediation by the end of June 2015 as stated in their Stipulation Selecting ADR Process [Dkt. No. 20].  The parties will confer about choosing a mutually agreed upon mediator.

**XIII.  CONSENT TO MAGISTRATE JUDGE**

The parties decline to proceed before a magistrate judge.

**XIV.  OTHER REFERENCES**

Not Applicable.

**XV.  NARROWING OF ISSUES**

As this case proceeds closer to trial, the parties will meet and confer in an attempt to narrow issues.

The parties do not request any bifurcation of issues, claims, or defenses at this time but reserve the right to revisit this issue, if warranted.

**XVI.  EXPEDITED SCHEDULE**

The parties do not believe that this matter can be litigated on an expedited basis with streamlined procedures.

**XVII. PROPOSED SCHEDULE**

| | |
|---|---|
| 3/11/2015 | Initial Disclosures Due |
| 10/2/2015 | Close of Fact Discovery |
| 10/30/2015 | Expert Disclosure Deadline and Opening Expert Reports on Issues as to which the Disclosing Party Has the Initial Burden of Proof |
| 11/20/2015 | Response to Expert Reports |
| 12/18/2015 | Rebuttal Expert Reports |
| 1/22/2016 | Close of Expert Discovery |
| 3/25/2016 | Last Day for Hearing Dispositive Motions |
| 5/13/2016 | Final Pretrial Conference |
| 5/23/2016 | Trial Date |

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

## XVIII. TRIAL

Both parties anticipate that a jury trial in this matter would require 5-7 court days.

## XIX. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS

On November 14, 2014, Theranos filed its Certification of Interested Entities or Persons. Theranos has no parent company, no entity owns 10% or more of Theranos's stock, and no other entity or person is an Interested Entity or Person under Local Rule 3-15.

On February 26, 2015, BD filed its Certification of Interested Entities or Persons. BD has no parent company, no entity owns 10% or more of BD's stock, and no other entity or person is an Interested Entity or Person under Local Rule 3-15.

## XX. PROFESSIONAL CONDUCT

All attorneys of record have reviewed the Guidelines for Professional Conduct for the Northern District of California.

## XXI. ADDITIONAL MATTERS

The parties agree to service by email under Federal Rule of Civil Procedure 5(b)(2)(E).

Dated: March 5, 2015         FENWICK & WEST LLP

                             By: /s/ Jedediah Wakefield
                                 Jedediah Wakefield

                             Attorneys for Plaintiff and Counter-Defendant
                             THERANOS, INC.

Dated: March 5, 2015         FROSS ZELNICK LEHRMAN & ZISSU P.C.

                             By: /s/ John Margiotta
                                 John Margiotta (admitted *pro hac vice*)

                             Attorneys for Defendant and Counter-Claimant
                             BECTON DICKINSON AND COMPANY

## ATTESTATION PURSUANT TO LOCAL RULE 5-1

I, Jedediah Wakefield, am the ECF User whose ID and password are being used to file this JOINT CASE MANAGEMENT STATEMENT AND RULE 26(F) REPORT. In compliance with Local Rule 5-1, I hereby attest that the other signatory whose e-signature appears above has concurred with this filing.

Dated:   March 5, 2015            FENWICK & WEST LLP


                                  By: /s/ Jedediah Wakefield
                                      Jedediah Wakefield

                                      Attorneys for Plaintiff and Counter-Defendant
                                      THERANOS, INC.

# [PROPOSED] ORDER

The Court adopts this joint statement as the Case Management Order in accordance with Civ. L.R. 16 and other applicable Local Rules, and this Order shall govern all further proceedings in this action.

**IT IS SO ORDERED**.

Dated: _____, 2015

By: _____
William H. Alsup
United States District Judge
Northern District of California

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

JOINT CASE MANAGEMENT
STATEMENT AND 26(F) REPORT

10

Case No. 3:14-cv-04880-WHA