1  BOIES, SCHILLER & FLEXNER LLP
   DAVID BOIES (*admitted pro hac vice*)
2  dboies@bsfllp.com
   333 Main Street
3  Armonk, NY 10504
   Telephone:    914.749.8200
4  Facsimile:    914.749.8300

5  DAVID L. ZIFKIN (SBN No. 232845)
   dzifkin@bsfllp.com
6  EDWARD H. TAKASHIMA (SBN No. 270945)
   etakashima@bsfllp.com.
7  SHIRA R. LIU (SBN No. 274158)
   sliu@bsfllp.com
8  401 Wilshire Boulevard, Suite 850
   Santa Monica, CA 90401
9  Telephone:    310.752.2400
   Facsimile:    310.752.2490

10
   MEREDITH R. DEARBORN (SBN No. 268312)
11 mdearborn@bsfllp.com
   1999 Harrison Street, Suite 900
12 Oakland, CA 94612
   Telephone:    510.874.1000
13 Facsimile:    510.874.1460

14 (Additional counsel listed below)

15 Attorneys for Plaintiff THERANOS, INC.

16

17                    **UNITED STATES DISTRICT COURT**

18                   **NORTHERN DISTRICT OF CALIFORNIA**

                        **SAN FRANCISCO DIVISION**
19

20 THERANOS, INC.,                              Case No.: 3:14-cv-04880-WHA

21                    Plaintiff,                **STIPULATED PROTECTIVE ORDER**

22          v.

23 BECTON DICKINSON AND COMPANY,

24                    Defendant.

25
   _____
26  AND RELATED COUNTERCLAIMS.

27

28

1   JEDEDIAH WAKEFIELD (SBN No. 178058)
    jwakefield@fenwick.com
2   SEAN S. WIKNER (SBN No. 268319)
    swikner@fenwick.com
3   ANGEL CHIANG (SBN No. 280546)
    achiang@fenwick.com
4   FENWICK & WEST LLP
    555 California Street, 12th Floor
5   San Francisco, CA  94104
    Telephone:     415.875.2300
6   Facsimile:     415.281.1350

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1.     <u>PURPOSES AND LIMITATIONS</u>

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order that shall govern the handling of any information, document or thing, or portion of any document or thing, that is confidential, private, proprietary, trade secret or otherwise protected and exchanged by any party or third party in this action after the issuance of this Order.  The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

2.     <u>DEFINITIONS</u>

2.1.     <u>Challenging Party</u>: a Party or Non-Party that challenges the designation of information or items under this Order.

2.2.     <u>"CONFIDENTIAL" Information or Items</u>: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

2.3.     <u>Counsel (without qualifier)</u>: Outside Counsel of Record and In-House Counsel (as well as their respective support staff).

2.4.     <u>Designating Party</u>: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.5    Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.6    Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who (1) has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action, (2) is not a past or current employee of a Party or of a Party's competitor, and (3) at the time of retention, is not anticipated to become an employee of a Party or of a Party's competitor.

2.7    "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items: extremely sensitive "Confidential Information or Items," disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

2.8    In-House Counsel: attorneys who are employees of a party to this action (as well as their support staff).  In-House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.9    Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.10    Outside Counsel of Record: attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

2.11    Party: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staff).

2.12    Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.13    Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and

organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.14    Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.15    Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

3.    SCOPE

The protections conferred by this Stipulated Protective Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.  However, the protections conferred by this Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party.

4.    DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.  Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5.    DESIGNATING PROTECTED MATERIAL

5.1    <u>Exercise of Restraint and Care in Designating Material for Protection</u>.  Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. To the extent it is practical to do so, the Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited.  Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, that Designating Party must promptly notify all other parties in writing that it is withdrawing the mistaken designation.  Thereafter, the document or information shall no longer be treated as Protected Material under this Order.  The Designating party shall also, at its own expense, produce new copies of the documents or information without any confidentiality designations.

5.2    <u>Manner and Timing of Designations</u>.  Except as otherwise provided in this Order (see, e.g., second paragraph of Section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a)  <u>for information in documentary form</u> (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to each page that contains protected material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the

STIPULATED PROTECTIVE ORDER

Case No. 3:14-cv-04880-WHA

4

protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted.

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY") to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted.

(b)  for testimony given in deposition or in other pretrial or trial proceedings, that the Designating Party identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony and specify the level of protection being asserted. When it is impractical to identify separately each portion of testimony that is entitled to protection and it appears that substantial portions of the testimony may qualify for protection, the Designating Party may invoke on the record (before the deposition, hearing, or other proceeding is concluded) a right to have up to 30 days to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted. Only those portions of the testimony that are appropriately designated for protection within the 30 days shall be covered by the provisions of this Stipulated Protective Order. Alternatively, a Designating Party may specify, at the deposition or up to 30 days afterwards if that period is properly invoked, that the entire transcript shall be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

Parties shall give the other parties notice if they reasonably expect a deposition, hearing or other proceeding to include Protected Material so that the other parties can ensure that only authorized individuals are present at those proceedings and that those individuals who are required to sign the "Acknowledgement and Agreement to Be Bound" (Exhibit A) pursuant to Section 7 have done so.  The use of a document as an exhibit at a deposition shall not in any way affect its designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

Transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated as Protected Material and the level of protection being asserted by the Designating Party.  The Designating Party shall inform the court reporter of these requirements.  Any transcript that is prepared before the expiration of a 30-day period for designation shall be treated during that period, if that period is properly invoked, as if it had been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in its entirety unless otherwise agreed.  After the expiration of that period, the transcript shall be treated only as actually designated.

(c)  for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."  If the Protected Material is produced in an electronic form with a load file, the Designating Party shall note the degree of confidentiality of the Protected Material in the load file.  If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s) and specify the level of protection being asserted.

5.3    Inadvertent Failures to Designate.  If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material.  Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is

treated in accordance with the provisions of this Order.  The Designating Party shall, at its own expense, produce new copies of the documents or information with the appropriate confidentiality designations.

6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

   6.1    Timing of Challenges.  Any Party or Non-Party may challenge a designation of confidentiality at any time.  A Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

   6.2    Meet and Confer.  The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge.  To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order.  The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 10 days of the date of service of notice.  In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.  A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

   6.3    Judicial Intervention.  If the Parties cannot resolve a challenge without court intervention, the Designating Party shall file and serve a motion to retain confidentiality under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) within 15 business days after the expiration of the ten day meet and confer period (or any additional period agreed to, in writing, by the Receiving Party).  Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer

requirements imposed in the preceding paragraph.  Failure by the Designating Party to make such a motion including the required declaration within 15 business days (or any additional period agreed to) shall automatically waive the confidentiality designation for each challenged designation.  In addition, the Challenging Party may file a motion challenging a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portion thereof.  Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  Frivolous challenges and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions.  Unless the Designating Party has waived the confidentiality designation by failing to file a motion to retain confidentiality as described above, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.  To the extent the court rules that any information designated as Protected Material is not entitled to the confidentiality protection asserted by the Designating Party, the Designating Party, at its own expense, shall produce new copies of the documents or information without any confidentiality designations.

7.    ACCESS TO AND USE OF PROTECTED MATERIAL

7.1    Basic Principles.  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation, including any related alternative dispute resolution.  Such Protected Material may be shown to, disclosed to, or otherwise discussed with only  the categories of persons and under the conditions described in this Order.  When the litigation has been terminated, a Receiving Party must comply with the provisions of Section 13 below.  Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2    <u>Disclosure of "CONFIDENTIAL" Information or Items</u>.  Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)  the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation, but who are not officers, directors,  employees, or affiliates of competitors of the Parties;

(b)  the Receiving Party, including any officers, directors, and employees (including In-House Counsel) of the Receiving Party;

(c)  Experts (as defined in this Order) of the Receiving Party, but only if (1) it is reasonable to disclose the document or information to them for purposes of this litigation; (2) they are not officers, directors, employees, or affiliates of competitors of the Parties; and (3) they have signed the "Acknowledgment and Agreement to be Bound" (Exhibit A);

(d)  the Court and its personnel;

(e)  Evaluators, mediators, arbitrators or other ADR related professionals and their staff who are appointed by the Court;

(f)  Evaluators, mediators, arbitrators or other ADR related professionals and their staff who are mutually selected by the Parties for use in this action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g)  court reporters and their staff, professional jury or trial consultants, mock jurors and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the  "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(h)  during their depositions, witnesses in the action to whom disclosure is reasonably necessary, or to other deposition witnesses as agreed by the Designating Party or ordered by the Court.  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

1    (i)  the author or recipient of a document containing the information or a custodian

2    or other person who otherwise possessed or knew the information.

3        7.3    Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"

4    Information or Items.  Unless otherwise ordered by the Court or permitted in writing by the

5    Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY

6    CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

7        (a)  the Receiving Party's Outside Counsel of Record in this action, as well as

8    employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the

9    information for this litigation;

10        (b)  Experts (as defined in this Order) of the Receiving Party, but only if (1) it is

11    reasonable to disclose the document or information to them for purposes of this litigation; (2) they

12    are not officers, directors or employees of Parties, or affiliates of competitors of Parties; (3) they

13    have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and (4) as to whom

14    the procedures set forth in Section 7.4(b), below, have been followed;

15        (c)  the Court and its personnel;

16        (d)  Evaluators, mediators, arbitrators or other ADR related professionals and their

17    staff who are appointed by the Court;

18        (e)  Evaluators, mediators, arbitrators or other ADR related professionals and their

19    staff who are or mutually selected by the Parties for use in this action and who have signed the

20    "Acknowledgment and Agreement to Be Bound" (Exhibit A);

21        (f)  court reporters and their staff, professional jury or trial consultants, mock

22    jurors and Professional Vendors to whom disclosure is reasonably necessary for this litigation and

23    who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and

24        (g)  during their depositions, witnesses in the action to whom disclosure is

25    reasonably necessary, or to other deposition witnesses as agreed by the Designating Party or

26    ordered by the Court.  For example, in a Rule 30(b)(6) deposition, the Receiving Party may

27    disclose "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" material to the

28    Designating Party's witness if the material is relevant to a topic on which the witness is

STIPULATED PROTECTIVE ORDER                                    Case No. 3:14-cv-04880-WHA

designated to testify.  Pages of transcribed deposition testimony or exhibits to depositions that reveal protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

(h)  the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

The parties have disagreed as to whether the Receiving Party should be permitted to share "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" material with designated In-House Counsel, pursuant to Paragraph 7.3(b) of the Model Protective Order for Litigation Involving Patents, Highly Sensitive Confidential Information and/or Trade Secrets.  At this time, however, the parties believe that a dispute over this issue is premature and have agreed to expedite production of documents by submitting this Stipulated Protective Order without prejudice to either side seeking modification of the Order regarding this point in the future.

7.4    Procedures for Approving or Objecting to Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items to Experts.

(a)  Except as otherwise provided in this section, before disclosing Attorneys' Eyes Only Information to any person, the Receiving Party shall obtain a signed copy of the "Acknowledgement and Agreement to be Bound" (Exhibit A) if required under Sections 7.2 and 7.3.  The Receiving Party shall retain all signed copies of the "Acknowledgement and Agreement to be Bound" (Exhibit A) and shall make them available to the Designating Party in the event that Protected Materials are disclosed in violation of this Order.

(b) In the case of Experts (as defined in this Order), unless otherwise ordered by the court or agreed to in writing by the Designating Party, a Party that seeks to disclose to an Expert (as defined in this Order) any information or item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to  Section 7.3(b) first must make a written request to the Designating Party that (1) identifies the general categories of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information that the Receiving Party seeks permission to disclose to the Expert, (2) sets forth the full name of the Expert and the city and state of his or her primary residence, (3) attaches a copy of the Expert's current resume, (4)

identifies the Expert's current employer(s), (5) identifies all cases in which, during the previous 4 years, the witness testified as an expert at trial or any deposition, and the party on whose behalf the Expert testified.

(c) A Party that makes a request and provides the information specified in the preceding respective paragraphs may disclose the subject Protected Material to the identified Expert unless, within two business days of delivering the request, the Party receives a written objection from the Designating Party.  Any such objection must set forth in detail the grounds on which it is based.

(d) A Party that receives a timely written objection must meet and confer with the Designating Party (through direct voice to voice dialogue) to try to resolve the matter by agreement within seven days of the written objection.  If no agreement is reached, the Party seeking to make the disclosure to the Expert may file a motion as provided in Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) seeking permission from the court to do so.  Any such motion must describe the circumstances with specificity, set forth in detail the reasons why the disclosure to Expert is reasonably necessary, assess the risk of harm that the disclosure would entail, and suggest any additional means that could be used to reduce that risk. In addition, any such motion must be accompanied by a competent declaration describing the parties' efforts to resolve the matter by agreement (i.e., the extent and the content of the meet and confer discussions) and setting forth the reasons advanced by the Designating Party for its refusal to approve the disclosure.

In any such proceeding, the Party opposing disclosure to the Expert shall bear the burden of proving that the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the Receiving Party's need to disclose the Protected Material to its Expert.

8.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" that Party must:

STIPULATED PROTECTIVE ORDER                                    Case No. 3:14-cv-04880-WHA

1    (a)    promptly notify the Designating Party in writing.  Such notification shall

2    include a copy of the subpoena or other process or order;

3    (b)    promptly notify in writing the party who caused the subpoena or order to

4    issue in the other litigation that some or all of the material covered by the subpoena or order is

5    subject to this Protective Order.  Such notification shall include a copy of this Stipulated

6    Protective Order; and

7    (c)    cooperate with respect to all reasonable procedures sought to be pursued by

8    the Designating Party whose Protected Material may be affected.

9    If the Designating Party timely seeks a protective order and gives the Party served with

10    the subpoena or court order notice of the same, the Party served with the subpoena or court order

11    shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY

12    CONFIDENTIAL – ATTORNEYS' EYES ONLY" before a determination by the court from

13    which the subpoena or order issued, unless the Party has obtained the Designating Party's

14    permission.  The Designating Party shall bear the burden and expense of seeking protection in

15    that court of its confidential material – and nothing in these provisions should be construed as

16    authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from

17    another court.

18    9.    A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS

19    LITIGATION

20    (a)    The terms of this Order are applicable to information produced by a Non-

21    Party in this action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –

22    ATTORNEYS' EYES ONLY."  Such information produced by Non-Parties in connection with

23    this litigation is protected by the remedies and relief provided by this Order.  Nothing in these

24    provisions should be construed as prohibiting a Non-Party from seeking additional protections.

25    (b)    In order to provide the Parties an adequate opportunity to designate

26    information as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

27    ONLY," all information produced in this litigation by a Non-Party shall be deemed "HIGHLY

28    CONFIDENTIAL – ATTORNEYS' EYES ONLY," whether or not stamped with that legend, for

STIPULATED PROTECTIVE ORDER                                    Case No. 3:14-cv-04880-WHA

13

a period of 5 days following production.  Furthermore, the inadvertent failure by any Party to designate information produced by Non-Parties as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" within that 5-day period shall not waive a Party's right to later so designate such information with prospective effect, so long as the designation correction is made in a timely fashion, consistent with Section 5.3 of this Order.  The Receiving Party may challenge the designation of the information as provided in Section 6 of this Order.  Notwithstanding any other provision in this section, any party receiving documents from a third party shall, within five business days, make them available to the other party.  That party shall then have five days from the time of its receipt to make the designations or it waives its right to so designate such information.

(c)    In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

1.  promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

2.  promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

3.  make the information requested available for inspection by the Non-Party.

(d)    If the Non-Party fails to object or seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request.  If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party

before a determination by the Court. Absent a court order to the contrary, the Non-Party shall

bear the burden and expense of seeking protection in this Court of its Protected Material.

10.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected

Material to any person or in any circumstance not authorized under this Stipulated Protective

Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the

unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the

Protected Material, (c) inform the person or persons to whom unauthorized disclosures were

made of all the terms of this Order, and (d) request such person or persons to execute the

"Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

11.    INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED
       MATERIAL

If a Party inadvertently or mistakenly produces privileged material, such production shall

in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of privilege,

work-product immunity, protection pursuant to the joint defense or common interest doctrine, or

any other applicable privilege for the inadvertently produced document or any other document

covering the same or similar subject matter under applicable law, including Federal Rule of

Evidence 502. When a Producing Party gives notice to Receiving Parties that certain

inadvertently produced material is subject to a claim of privilege or other protection, the

obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure

26(b)(5)(B).

12.    MISCELLANEOUS

12.1    Right to Further Relief. Nothing in this Order abridges the right of any person to

seek its modification by the Court in the future.

12.2    Right to Assert Other Objections. By stipulating to the entry of this Protective

Order, no Party waives any right it otherwise would have to object to disclosing or producing any

information or item on any ground not addressed in this Stipulated Protective Order. Similarly,

STIPULATED PROTECTIVE ORDER

Case No. 3:14-cv-04880-WHA

15

no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

       12.3    <u>Filing Protected Material</u>.  Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material.  A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5.  Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue.  Pursuant to Civil Local Rule 79-5, a sealing order will issue only upon a request establishing that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law.  If a Receiving Party's request to file Protected Material under seal pursuant to Civil Local Rule 79-5(e) is denied by the Court, then the Receiving Party may file the Protected Material in the public record pursuant to Civil Local Rule 79-5(e)(2) unless otherwise instructed by the Court.

       12.4    <u>Use at Trial or Hearing</u>.  Although Court will be the arbiter of what is protected at trial, the parties will work with each other and the Court to maximize judicial efficiency and ensure the appropriate balance between protection of confidential information and public access.  Notwithstanding any other provision of this Order, if the need arises during trial or at any hearing before the Court for any Party to disclose Protected Material, the Parties shall confer and attempt to agree before any trial or hearing regarding the procedures for which Protected Material may be used or introduced into evidence at such trial or hearing.  Upon reaching agreement, the Parties shall give notice of the terms of such agreement to each third party producing Protected Material which may be used or introduced at such trial or hearing.  Because it would affect the public availability of material used at a trial or hearing, any such agreement will be effective only upon court approval.  Absent agreement of the Parties, any Party upon reasonable notice to the Designating Party may move the Court to issue an order governing the use of Protected Material at a trial or hearing.

///

///

13.    <u>FINAL DISPOSITION</u>

Within 60 days after the final disposition of this action, as defined in Section 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material.  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material.  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material.  To the extent it is not reasonably possible to destroy or return certain Protected Material in the possession of a Receiving Party – such as information that may reside on Parties' and Counsel's respective firms' or other electronic disaster recovery systems that are overwritten in the normal course of business, or information that may reside in electronic files which are not reasonably accessible – such Receiving Party agrees to maintain the confidentiality of such Protected Material and shall provide a written certification to that effect.

Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material.  Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4.

The Court shall retain jurisdiction following termination of this action for the purpose of enforcing any provisions of this Order.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

1

2    Dated: August 28, 2015              BOIES, SCHILLER & FLEXNER LLP

3

4                                       By:  /s/

5                                       DAVID BOIES (*admitted pro hac vice*)
                                        dboies@bsfllp.com
6                                       333 Main Street
                                        Armonk, NY 10504
7                                       Telephone: 914.749.8200
                                        Facsimile: 914.749.8300
8
                                        DAVID L. ZIFKIN (SBN No. 232845)
9                                       dzifkin@bsfllp.com
                                        EDWARD H. TAKASHIMA (SBN No. 270945)
10                                      etakashima@bsfllp.com.
                                        SHIRA R. LIU (SBN No. 274158)
11                                      sliu@bsfllp.com
                                        401 Wilshire Boulevard, Suite 850
12                                      Santa Monica, CA 90401
                                        Telephone: 310.752.2400
13                                      Facsimile: 310.752.2490

14                                      MEREDITH R. DEARBORN (SBN No. 268312)
                                        mdearborn@bsfllp.com
15                                      1999 Harrison Street, Suite 900
                                        Oakland, CA 94612
16                                      Telephone:510.874.1000
                                        Facsimile: 510.874.1460
17
                                        JEDEDIAH WAKEFIELD (SBN No. 178058)
18                                      SEAN S. WIKNER (SBN No. 268319)
                                        ANGEL CHIANG (SBN No. 280546)
19                                      FENWICK & WEST LLP
                                        555 California Street, 12th Floor
20                                      San Francisco, CA  94104
                                        Telephone: 415.875.2300
21                                      Facsimile: 415.281.1350

22                                      Attorneys for Plaintiff THERANOS, INC.

23

24

25

26

27

28

STIPULATED PROTECTIVE ORDER                              Case No. 3:14-cv-04880-WHA

18

FROSS ZELNICK LEHRMAN & ZISSU, P.C.

By: /s/ _____
JOHN P. MARGIOTTA (admitted *pro hac vice*)
jmargiotta@fzlz.com
DAVID DONAHUE (admitted *pro hac vice*)
ddonahue@fzlz.com
EMILY WEISS (admitted *pro hac vice*)
eweiss@fzlz.com
FROSS ZELNICK LEHRMAN & ZISSU, P.C.
866 United Nations Plaza
New York, New York 10017
Telephone: 212.813.5900
Facsimile: 212.813.5901

Attorneys for Defendant and Counter-Plaintiff
BECTON DICKINSON AND COMPANY

PURSUANT TO STIPULATION, IT IS SO ORDERED.

DATED: _____    _____
                                   William H. Alsup
                                   United States District

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____

_____[print or type full address],

declare under penalty of perjury that I have read in its entirety and understand the Stipulated

Protective Order that was issued by the United States District Court for the Northern District of

California in the case of *Theranos, Inc. v. Becton Dickinson and Company*, Case No. 3:14-cv-

04880-WHA.  I agree to comply with and to be bound by all the terms of this Stipulated

Protective Order and I understand and acknowledge that failure to so comply could expose me to

sanctions and punishment in the nature of contempt.  I solemnly promise that I will not disclose in

any manner any information or item that is subject to this Stipulated Protective Order to any

person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the

Northern District of California for the purpose of enforcing the terms of this Stipulated Protective

Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of

_____ [print or type full

address and telephone number] as my California agent for service of process in connection with

this action or any proceedings related to enforcement of this Stipulated Protective Order.


Date: _____

City and State where sworn and signed: _____

Printed name: _____
[printed name]

Signature: _____
[signature]

STIPULATED PROTECTIVE ORDER                                          Case No. 3:14-cv-04880-WHA

1

**ATTESTATION OF FILER**

2

3     Pursuant to Civil L.R. 5-1(i)(3), I, David L. Zifkin, attest that I obtained David Donahue's

4  concurrence to file this document on his behalf.

5

6

7

Dated: August 31, 2015                    By: */s/ David L. Zifkin*

8                                                David L. Zifkin

9                                         BOIES, SCHILLER & FLEXNER LLP

10
                                          *Attorneys for Plaintiff*
11                                        THERANOS INC.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28